IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND F. MENDEZ,

        Plaintiff,

vs.                               CIVIL NO. 98-358 MV/LFG

COMMERCIAL CREDIT CORPORATION,

        Defendant.

## MEMORANDUM AND ORDER
## DENYING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff Raymond F. Mendez' ("Mendez") Motion to Compel Production of Documents [Doc. #18]. The motion was filed on August 21, 1998 and Defendant, Commercial Credit Corporation ("CCC"), filed its response on August 28, 1998. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

Mendez seeks to compel production of various documents. Since the filing of the motion, Mendez concurs that several of the documents requested were previously produced to his former attorney, and Mendez concedes that these matters not be included in his motion.

The items in controversy, however, include:

(A) needs improvement evaluations for all New Mexico branch managers for December 1993;

(B) salary increases for all branch managers in 1993 and 1994;

(C) payroll time sheets for Bonnie Schandelwein for 1994;

(D) personnel records for Dan Olson;

(E) personnel records for Josie Porter;

(F)  personnel records for Bill Stroupe;

(G)  disclosure statements, note and security agreements with recorded mortgages for Robert R. and Karen V. Lopez and Ezequiel and Jeannie Perea; and

(H)  peer group monthly standings for 1991.

Defendant objects to the requests for production, stating that none of the documents are relevant to Mendez' lawsuit nor would their production lead to the discovery of relevant, admissible evidence.  The Court agrees.  Mendez' age discrimination in Employment Act case, initially filed in the United States District Court in June 1996, was dismissed and Mendez agreed to present his claims to a panel of arbitrators selected from the American Arbitration Association.

In December 1997, Mendez' claims proceeded to arbitration, and the arbitrators issued a decision denying Mendez' requested relief.  The arbitrator's decision was issued on January 9, 1998.  Thereafter, Mendez sought to appeal the arbitrator's decision and, in February 1998, the American Arbitration Association denied Mendez' motion for reconsideration.

On March 3, 1998, Mendez filed a petition in the First Judicial District Court, County of Santa Fe, State of New Mexico, seeking to vacate the arbitrator's decision and requesting a rehearing before a new panel of arbitrators.  That petition was removed to the United States District Court pursuant to 28 U.S.C. § 1441, and Mendez' request to remand to state court was denied [Doc. 14].

The matter before the Court is not a *de novo* hearing of Mendez' discrimination claims. Rather, the scope of this hearing is significantly limited by law.  Indeed, this Court previously stated:

> New Mexico provides that upon application of a party, the Court shall vacate an arbitration award where:
>
> > (1) the award was procured by corruption, fraud or other undue means;

>    (2) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
>
>    (3) the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of Section 5 [44-7-5 NMSA 1978], as to prejudice substantially the rights of a party.
>
> NMSA 1978 § 44-7-12.

[Doc. #14].

Thus, the scope of this Court's hearing will be limited to those areas of New Mexico law authorizing the Court to vacate an arbitration award. Indeed, in United Technology and Resources, Inc. v. Dar Al Islam, 115 N.M. 1, 846 P.2d 307 (1993), the state Supreme Court stated:

> The district court's review of an arbitration award is narrowly limited by the statutory grounds established in the Act. State ex. rel. Hooten Constr. Co., Inc. v. Borsberry Constr. Co., Inc., 108 N.M. 192, 193, 769 P.2d 726, 727 (1989). Section 44-7-11 of the Act provides:
>
>> Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in Sections 12 [§ 44-7-12 NMSA 1978] and 13 [§ 44-7-13 NMSA 1978].
>
> Thus, the district court's review of an arbitration award is limited to the statutory grounds for vacating, modifying or correcting it as specified in Sections 44-7-12 and 44-7-13. Hooten Const. Co., 108 N.M. at 193, 769 P.2d at 727. The language of the Act mandates that, in the absence of any of these statutory grounds, "the court shall confirm an award." Section 44-7-11.

United Technology and Resources, Inc. v. Dar Al Islam, 115 N.M. 1 at 3, 4, 846 P.2d 307 at 309, 310.

Thus, if Mendez sought to obtain information concerning alleged bribery, corruption, fraud or some other undue influence improperly affecting the arbitrators, the information sought would be relevant to the first prong of Section 44-7-12. Similarly, if the documents requested by Mendez went to the second prong of the arbitration statute, that is, that an arbitrator was partial, corrupt or engaged in misconduct that prejudiced his rights, the information sought would be relevant and discoverable. Finally, if there was evidence of an occurrence during the arbitration, or part of the arbitration record, indicating that the arbitrators refused to postpone a hearing upon sufficient cause being shown, or refused to hear evidence which Mendez tendered at the time of the arbitration proceeding, or otherwise conducted the hearing contrary to Section 5 [44-7-5], the evidence would be relevant and discoverable. Here, however, Mendez does not seek any information that goes to these subsections of the statue. Rather, he seeks to discover evidence that he could have presented at the time of the arbitration hearing, but apparently did not. As such, he may not now discover evidence that would have been useful for him to have at the time of the arbitration hearing.

It is one thing for Mendez to have had in his possession relevant evidence which he sought to introduce at the arbitration hearing and which the arbitrators improperly refused to consider. In that event, Mendez could seek to present to this Court the evidence which he unsuccessfully sought to introduce before the board of arbitrators as part of his claim that the arbitrators refused to hear evidence material to the controversy. It is quite another thing, however, for Mendez to attempt to prove in this forum matters which he neither sought to prove, or was unable to prove in arbitration.

4

It is evident that Mendez seeks to discover whether evidence is available to support his claims of discrimination so that he can attempt to prove those claims here.  This is not permitted.  This Court will not hear those claims *de novo*.  Nowhere does Mendez contend that he sought to present this evidence to the arbitrators and was thwarted in his efforts to do so.

The Court concludes that the information sought in Mendez' motion to compel is not relevant to the controversy nor would its production lead to the existence of relevant, admissible evidence. The Court sustains CCC's objections and denies Mendez' motion to compel.

 

*/s/ Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge